UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMASCUS LORD SEYMOUR MENEFEE,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>CLARK COUNTY SHERIFF,<br><br>　　　　　　　Respondent. | CASE NO. 3:25-cv-05616-JNW-DWC<br><br>ORDER TO SHOW CAUSE |

This action has been referred to United States Magistrate Judge David W. Christel. Petitioner Damascus Lord Seymour Menefee, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a federal habeas petition pursuant to 28 U.S.C. § 2241. Dkt. 6. Having reviewed the petition, the Court concludes it is inappropriate to intervene in this case and that Petitioner's sole claim for relief is unexhausted. Therefore, Petitioner is directed to show cause on or before September 24, 2025, why this action should not be dismissed.

**I.   BACKGROUND**

Petitioner, a pretrial detainee at Clark County Jail, alleges he is being detained unlawfully because his waiver of extradition was invalid, unintentional, and/or given under duress. Dkt. 6 at

ORDER TO SHOW CAUSE - 1

6–7. Petitioner states that he presented this claim in an affidavit for judicial notice filed before the trial court in his ongoing criminal proceedings but has not presented his claim before any other forum in the Washington State courts. *Id.* at 2–5.

## II. SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *See Race v. Salmonsen*, 131 F.4th 792, 794 (9th Cir. 2025).

## III. DISCUSSION

Upon review, the Court concludes that federal adjudication of the petition is barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional

---

[1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

ORDER TO SHOW CAUSE - 2

challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All of the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in his state court proceedings. Fourth, Petitioner seeks release from custody alleging his waiver of extradition was invalid or unlawfully obtained. If this Court were to conclude that Petitioner was entitled to such relief, this would have the practical effect of enjoining Petitioner's ongoing proceedings in the Washington State courts. Accordingly, *Younger* abstention appears to apply in this case, and Petitioner must show cause why his petition is not subject to dismissal.

The petition is also deficient given Petitioner's representations about his efforts at exhausting the available state court remedies for his claim. Dkt. 6 at 2–5. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his Petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claim will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."

ORDER TO SHOW CAUSE - 3

*Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. State of Mont.*, 626 F.2d 82, 83–84 (9th Cir. 1980). Petitioner fails to show that he exhausted his state court remedies by presenting his claim for a complete round of review in the Washington state courts. Petitioner has also made no showing of special circumstances warranting federal intervention in his ongoing criminal proceedings despite his failure to exhaust available state court remedies.

Accordingly, if Petitioner intends to proceed in this action, he must show cause why the petition should not be dismissed under the *Younger* abstention doctrine and for failure to exhaust his state court remedies. *See Jones v. Carter*, No. 1:23-CV-00285-DKG, 2024 WL 185222, at *1 (D. Idaho Jan. 16, 2024) (dismissing § 2241 petition challenging wavier of extradition for failure to exhaust available state court remedies); *Marshall v. Shockley*, No. CIV.A. L-02-2328, 2002 WL 32841652, at *1 (D. Md. July 23, 2002), *certificate of appealability denied and appeal dismissed*, 48 F. App'x 905 (4th Cir. 2002) (dismissing § 2241 habeas petition challenging extradition waiver under *Younger* abstention doctrine and for failure to exhaust).

### IV.   INSTRUCTIONS TO PETITIONER

For the reasons set forth above, the Court declines to direct service of the petition in accordance with Rule 4 of the Habeas Rules. Instead, Petitioner must show cause why the petition should not be dismissed under the *Younger* abstention doctrine and for failure to exhaust.

ORDER TO SHOW CAUSE - 4

1  Failure to respond to this order or adequately address the issues addressed herein by September
2  24, 2025, will result in a recommendation this action be dismissed.
3      Dated this 25th day of August, 2025.

                                                              David W. Christel
                                                              United States Magistrate Judge

ORDER TO SHOW CAUSE - 5