UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMASCUS LORD SEYMOUR MENEFEE,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>CLARK COUNTY SHERIFF,<br><br>　　　　　　　Respondent. | CASE NO. 3:25-cv-05616-JNW-DWC<br><br>ORDER DENYING COUNSEL AND GRANTING EXTENSION TO SHOW CAUSE |

This 28 U.S.C. § 2241 habeas action has been referred to United States Magistrate Judge David W. Christel. Before the Court is Petitioner Damascus Lord Seymour Menefee's Motion requesting appointment of counsel and an extension of time to prepare and file a show cause response. Dkt. 10; *see also* Dkt. 7 (show cause order). Upon review, Petitioner's request for court-appointed counsel is denied and his request for an extension of time to show cause is granted.

**I.　DISCUSSION**

**A.　Request for Court-Appointed Counsel**

First, Petitioner requests the Court appoint counsel to assist him in this case. Dkt. 10 at 1.

There is no right to appointed counsel in federal habeas corpus actions unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures or to avoid a due process violation. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c) ("Habeas Rules").[1] The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, Petitioner argues only he is "in dire need" of counsel and does not allege circumstances demonstrating the appointment of counsel is required in this case. Dkt. 10 at 1. Moreover, for the reasons stated in the Court's show cause order, Petitioner has not shown a likelihood of success on the merits. Dkt. 7. Furthermore, Petitioner's filings to the Court thus far have been clear and understandable. *See docket*. As such, the Court does not find Petitioner's ability to articulate his claims to be so lacking as to require the appointment of counsel.

Accordingly, Petitioner's request for court-appointed counsel is denied without prejudice.

**B.   Request for Extension of Time to Show Cause**

Next, Petitioner requests additional time to prepare and file his response to the Court's show cause order. Dkt. 10 at 1; *see also* Dkt. 7. Particularly, Petitioner requests a thirty-day extension of time so that court-appointed counsel may assist him in preparing his show cause

---

[1] [1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

ORDER DENYING COUNSEL AND GRANTING
EXTENSION TO SHOW CAUSE - 2

response. *Id.* Although counsel will not be appointed to assist Petitioner at this time, the Court will permit Petitioner additional time to prepare and file his show cause response *pro se*.

Accordingly, Petitioner's request for an extension of time is granted.

## II.   CONCLUSION

For the above-stated reasons, Petitioner's Motion (Dkt. 10) is granted in part and denied in part as follows:

    a) Petitioner's request for appointment of counsel is denied without prejudice; and

    b) Petitioner's request for an extension of time to show cause is granted, Petitioner's response to the Court's show cause order (Dkt. 7) is due not later than October 24, 2025.

Dated this 25th day of September, 2025.

                                                David W. Christel
                                                United States Magistrate Judge