UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMASCUS LORD SEYMOUR MENEFEE,

    Petitioner,

v.

CLARK COUNTY SHERIFF,

    Respondent.

CASE NO. 3:25-cv-05616-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: November 21, 2025

    The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Damascus Menefee, a pre-trial detainee currently housed at Washington County Jail ("WCJ") in Oregon, filed a federal habeas Petition (Dkt. 6) under 28 U.S.C. § 2241 when he was detained at Clark County Jail ("CCJ") in Washington. The Court has reviewed the Petition and Petitioner's Response to the Court's Order to Show Cause ("Response") (Dkt. 13) and concludes the Petition is moot, unexhausted, and it is inappropriate for the Court to intervene in this case. Therefore, the Court recommends the Petition be dismissed with prejudice and a certificate of appealability not be issued.

## I. Background

In the Petition and the Response, Petitioner contends that he is being unlawfully detained and was unlawfully extradited to WCJ because his waiver of extradition was invalid, unintentional, and/or given under duress. Dkt. 6 at 6–7; Dkt. 13 at 8. Despite being somewhat unclear, it appears that Petitioner states that jail officials at CCJ illegally allowed his extradition to WCJ. Dkt. 13 at 8. Since filing the Petition, Petitioner has been extradited to Oregon and is facing several criminal charges there. *See Id.* at 11–15; Dkt. 15. Based on the Petition and the Response, Petitioner does appear to have presented this claim before a trial court in Washington but has not presented it before any other forum in the Washington courts. Dkt. 6 at 2–5; *see generally* Dkt. 13.

## II. Discussion

After screening the Petition and considering the Response, the Court finds that the Petition is moot, Petitioner has not shown he exhausted available state remedies, and it would be inappropriate for the federal court to intervene in this case. Therefore, the Court recommends dismissal of this § 2241 Petition with prejudice.

### A. Mootness

When Petitioner was detained at CCJ, he filed the Petition and challenged his proposed extradition to Oregon and requested his release because there were no pending criminal charges against him in Washington. *See generally* Dkt. 6. Since filing the Petition, Petitioner was extradited from CCJ and sent to WCJ in Oregon. Dkt. 15.

Under 28 U.S.C. § 2241(c)(3), a petition for writ of habeas corpus may be brought in federal court by one who "is in custody in violation of the Constitution or laws or treaties of the United States." For a federal court to have jurisdiction over a case, there must be an actual case

or controversy at the time the case is decided. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). When an alleged wrongful conduct has ceased and there is no reasonable expectation that it will be repeated, an action to enjoin that wrong is moot. *See id.* at 402–03. If a party seeking relief cannot obtain the requested relief, that claim is moot and must be dismissed for lack of jurisdiction. *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). Regarding extradition proceedings:

> A fugitive can challenge extradition by petitioning for a writ of habeas corpus, but the purpose of the writ is very limited because it only affects his detention in the asylum state. It does not affect the underlying charges against him. Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue.

*Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997) (cleaned up); *Johnson v. Buie*, 312 F.Supp 1349, 1351 (W.D. Miss. April 9, 1970) ("The theory behind permitting the fugitive to petition for habeas corpus in the asylum state is that it is a method of challenging the legality of his detention there.").

Here, the Petition challenging his extradition to Oregon is moot because Petitioner is no longer in Washington. Petitioner is no longer in Respondent's custody, so he can no longer obtain the relief he requests in the Petition, making the Petition moot. Thus, the Court recommends the Petition be dismissed with prejudice for lack of jurisdiction. *See Ruvalcaba*, 167 F.3d at 521.

Alternatively, as discussed in the next two sections, the Petition should be dismissed because Petitioner has not exhausted available state remedies and federal intervention would be inappropriate under the *Younger* abstention doctrine.

B. <u>Exhaustion</u>

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention before a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington courts for a full review of the extradition process against him. In neither the Petition nor the Response does Petitioner state that he exhausted his claims. Dkt. 6; Dkt. 13. And Petitioner has not shown special circumstances warranting federal intervention in this case. Therefore, the Court finds the Petition should be dismissed for failure to exhaust state court remedies.

C. <u>*Younger* Abstention</u>

Petitioner's case is also not appropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state

1  interests; and (3) there is an adequate opportunity in the state proceedings to raise federal

2  questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Middlesex*

3  *Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). First, though

4  Petitioner alleges that he does not have criminal charges against him in Washington, he concedes

5  he is a pre-trial detainee with ongoing state criminal proceedings in Oregon. *See* Dkt. 13 at 10–

6  15. Second, as these proceedings involve criminal prosecutions, they implicate important state

7  interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third,

8  Petitioner has failed to allege facts showing he has been denied an adequate opportunity to

9  address the alleged constitutional violations in the state court proceedings. Last, granting the

10 Petition would effectively enjoin the ongoing state judicial proceedings against Petitioner

11 because invalidating his extradition to Oregon to face criminal charges there would upend the

12 prosecution against Petitioner for his alleged crimes. Accordingly, *Younger* abstention applies to

13 this case.

14       In extraordinary cases, a federal court can intervene in a pending state matter

15 notwithstanding the *Younger* abstention rule. Federal injunctive relief against pending state

16 prosecutions is appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by

17 state officials in bad faith without hope of obtaining a valid conviction and perhaps in other

18 extraordinary circumstances where irreparable injury can be shown[.]" *Perez v. Ledesma*, 401

19 U.S. 82, 85 (1971); *Carden*, 626 F.2d at 84 (*Younger* abstention appropriate despite the

20 prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings).

21 Petitioner has failed to show injunctive relief is appropriate in this case.

D.   Conclusion

The Petition is moot, Petitioner has failed to show he exhausted his state remedies, and federal intervention would be inappropriate under the *Younger* abstention doctrine. Therefore, the Court recommends the Petition be dismissed with prejudice.

**III.   Certificate of Appealability**

A state detainee who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, Petitioner is not entitled to a COA. If Petitioner believes the Court should issue a COA, he should set forth his reasons in his objections to this Report and Recommendation.

**IV.   Conclusion**

For the foregoing reasons, the Court recommends the Petition (Dkt. 6) be dismissed with prejudice. The Court also recommends a COA not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

REPORT AND RECOMMENDATION - 6

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 21, 2025, as noted in the caption.

Dated this 30th day of October, 2025.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7